| | | |
|---|---|---|
| GASTRO DOMONIQUE DENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00821-AGF |
| | ) | |
| DENNIS SMITH, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Gastro Domonique Dennis for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 4). Having reviewed the motion and the financial affidavit submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint on a Court-provided form.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement. In his motion to proceed in forma pauperis, he states that the St. Francois County Jail refused to give him this document despite his request. Upon review of plaintiff's motion, the Court notes that while plaintiff does not have a steady source of income, he does acknowledge receiving financial assistance from his parents. As a result, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (stating that when a prisoner is unable to provide the court with a certified copy of his prison account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement or some other document in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." *Barton v. Taber*, 820 F.3d 958, 964 (8ᵗʰ Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8ᵗʰ Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8ᵗʰ Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8ᵗʰ Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8ᵗʰ Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pretrial detainee incarcerated at the St. Francois County Jail in Farmington, Missouri. (Docket No. 1 at 2). He brings this civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 1). His complaint names St. Francois County Jail Administrator Dennis Smith, Assistant Jail Administrator Hardy White, and Nurse Heather Smith as defendants. (Docket No. 1 at 2). All three defendants are sued in both their individual and official capacities.

Plaintiff states that during July, August, and September 2016, while at the St. Francois County Jail, he wrote several grievance forms to Jail Administrator Smith and Assistant Administrator White complaining about being housed with federal inmates. He claims that being a pretrial detainee around federal inmates posed an "unreasonable risk."

In September 2016, plaintiff states that he was physically assaulted by ten to fifteen inmates while in E Pod. He alleges that he was brutally beaten, burned with hot water, and sexually assaulted. When he was finally able to break free from the cell in which he was restrained, he attempted to reach an emergency button located sixty feet away. (Docket No. 1 at 3). Approximately thirty feet from the button, the federal inmates began beating him over the head with a mop ringer. However, another inmate pushed the emergency button, summoning assistance.

Plaintiff states that a sheriff's deputy responded to the emergency button and led him into the hall, covered in blood, where he collapsed. He was taken to defendant Heather Smith, the booking nurse, and told her that he had been beaten, burned, and sexually assaulted. Nurse Smith told plaintiff that he needed to take a hot shower to wash away the blood, so that she could see his injuries. Plaintiff protested that he had been burned. Nurse Smith, however, advised him that he needed to shower or refuse medical attention. Plaintiff states that he vomited before entering the shower and then lost consciousness, waking on the floor with staff standing over him. Nurse Smith took him to medical and gave him ibuprofen. Plaintiff alleges that staff placed him "in the hole in booking" and kept him there for days, where the lights never went off and he had only hot water to drink.

Plaintiff told his defense attorney about the physical assault in the St. Francois County Jail. He states that his attorney filed a motion with the court for the jail to produce video

surveillance, logs, and relevant documentation. (Docket No. 1 at 4). An investigator for his attorney also took photos and gathered statements from Jail Administrator Smith and Assistant Administrator White. Plaintiff states that Judge Wendy Lynn Wexler Horn sustained his attorney's motion to preserve evidence, but denied a motion directing St. Francois County Jail to produce video surveillance, logs, and documentation.

Plaintiff alleges that he has received no response from the police report he made or from the grievances that he has filed. Furthermore, he asserts that defense attorney Sarah Jackson, Judge Horn, head prosecuting attorney Jerrod Mahurin, and assistant prosecuting attorney Pat King, all turned a "blind eye."

Plaintiff claims that the physical assault he endured constituted a violation of his right to be free from cruel and unusual punishment, and also constituted deliberate indifference to his medical needs. He seeks an injunction ordering St. Francois County Jail to have body cameras on all staff, distress buttons in all cells, staff in the pods for twenty-four hours a day, a better medical provider, and a prohibition on pretrial detainees and federal inmates being placed together. (Docket No. 1 at 6). Plaintiff also requests $500,000,000 in compensatory damages and $500,000,000 in punitive damages against each defendant, jointly and severally.

## Discussion

Plaintiff's complaint makes serious allegations that could potentially survive § 1915 review if properly pled. However, in its current form, the complaint is deficient. Plaintiff has failed to demonstrate defendants' liability because he has not shown a "causal link to, and direct responsibility for, the alleged deprivation of rights." *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

With regards to Jail Administrator Smith and Assistant Administrator White, plaintiff seems to be attempting to assert a failure to protect claim. However, while he concludes that he was placed in a dangerous situation, he has presented no facts alleging that they did not take reasonable measures to protect him from violence by other prisoners. *See Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (stating that "prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety"); and *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004) (stating that prison officials must take reasonable measures to guarantee inmate safety and to protect prisoners from violence at the hands of other prisoners). With regard to Nurse Smith, plaintiff has alleged an objectively serious medical need, by detailing the injuries he received in the assault. However, he has not shown that Nurse Smith disregarded that need or personally failed to provide him any treatment. *See Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (stating that deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication).

Because plaintiff is proceeding pro se, and has presented serious allegations to the Court, he will be allowed to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print his complaint on the Court-provided civil rights form that will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each

claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the

amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### Motion to Appoint Counsel

Plaintiff has filed a motion for appointment of counsel. (Docket No. 6). The motion will be denied at this time.

"In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Furthermore, it is too early in the case to determine the complexity of the issues or whether there will be conflicting testimony. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 6) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **on the Court-provided civil rights form**, in accordance with the instructions set forth above, **within thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

Dated this 23rd day of January, 2019.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE