# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GASTRO DOMONIQUE DENNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-00821-AGF |
| | ) |
| DENNIS SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Gastro Domonique Dennis' amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, plaintiff will be directed to file a second amended complaint.

## Background

At the time relevant to this complaint, plaintiff was a pretrial detainee at the St. Francois County Jail in Farmington, Missouri. (Docket No. 1 at2). On May 5, 2018, he filed a civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 1). The complaint named St. Francois County Jail Administrator Dennis Smith, Assistant Jail Administrator Hardy White, and Nurse Heather Smith as defendants. (Docket No. 1 at 2). The defendants were named in their individual and official capacities.

Plaintiff's complaint stated that during July, August, and September 2016, while at the St. Francois County Jail, he wrote several grievance forms to Jail Administrator Smith and Assistant Administrator White complaining about being housed with federal inmates. He claimed that being a pretrial detainee around federal inmates posed an "unreasonable risk."

According to plaintiff's complaint, in September 2016, he was physically assaulted by ten to fifteen inmates while in E Pod. He alleged that he was brutally beaten, burned with hot water, and sexually assaulted. When he was finally able to break free from the cell in which he was restrained, he attempted to reach an emergency button located sixty feet away. (Docket No. 1 at 3). Approximately thirty feet from the button, the federal inmates began beating him over the head with a mop ringer. However, another inmate pushed the emergency button, summoning assistance.

Plaintiff stated that a sheriff's deputy responded to the emergency button and led him into the hall, covered in blood, where he collapsed. He was taken to defendant Heather Smith, the booking nurse, and told her that he had been beaten, burned, and sexually assaulted. Nurse Smith told plaintiff that he needed to take a hot shower to wash away the blood, so that she could see his injuries. Plaintiff protested that he had been burned. Nurse Smith, however, advised him that he needed to shower or refuse medical attention. Plaintiff stated that he vomited before entering the shower and then lost consciousness, waking on the floor with staff standing over him. Nurse Smith took him to medical and gave him ibuprofen. Plaintiff alleged that staff placed him "in the hole in booking" and kept him there for days, where the lights never went off and he had only hot water to drink.

Plaintiff told his defense attorney about the physical assault in the St. Francois County Jail. He stated that his attorney filed a motion with the court for the jail to produce video surveillance, logs, and relevant documentation. (Docket No. 1 at 4). An investigator for his attorney also took photos and gathered statements from Jail Administrator Smith and Assistant Administrator White. Plaintiff stated that Judge Wendy Lynn Wexler Horn sustained his

2

attorney's motion to preserve evidence, but denied a motion directing St. Francois County Jail to produce video surveillance, logs, and documentation.

Plaintiff alleged that he received no response from the police report he made or from the grievances that he filed. Furthermore, he asserted that defense attorney Sarah Jackson, Judge Horn, head prosecuting attorney Jerrod Mahurin, and assistant prosecuting attorney Pat King, all turned a "blind eye."

Plaintiff claimed that the physical assault he endured constituted a violation of his right to be free from cruel and unusual punishment, and also constituted deliberate indifference to his medical needs. He sought an injunction ordering St. Francois County Jail to have body cameras on all staff, distress buttons in all cells, staff in the pods for twenty-four hours a day, a better medical provider, and a prohibition on pretrial detainees and federal inmates being placed together. (Docket No. 1 at 6). Plaintiff also requested $500,000,000 in compensatory damages and $500,000,000 in punitive damages against each defendant, jointly and severally.

On January 23, 2019, plaintiff was directed to file an amended complaint. (Docket No. 7). The Court noted that plaintiff had made serious allegations that could potentially survive § 1915 review if properly pled. However, plaintiff's initial complaint was deficient in that it did not demonstrate defendants' liability. Specifically, plaintiff had not shown a "causal link to, and direct responsibility for, the alleged deprivation of rights." *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

The Court explained that with regard to Jail Administrator Smith and Assistant Administrator White, plaintiff appeared to be asserting a failure to protect claim. However, while plaintiff concluded that he was placed in a dangerous situation, he presented no factual allegations that Smith and White failed to take reasonable measures to protect him from violence

by other prisoners. *See Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (stating that "prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety"); and *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004) (stating that prison officials must take reasonable measures to guarantee inmate safety and to protect prisoners from violence at the hands of other prisoners). With regard to Nurse Smith, the Court observed that plaintiff alleged an objectively serious medical need by detailing the injuries he received in the assault. However, he had not shown that Nurse Smith disregarded that need or personally failed to provide him any treatment. *See Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (stating that deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication).

Plaintiff was directed to file an amended complaint pursuant to the instructions set forth in the Court's order of January 23, 2019. He was given thirty days in which to file his amended complaint. Plaintiff complied with this order by filing an amended complaint on February 22, 2019. (Docket No. 9).

**The Amended Complaint**

Plaintiff filed his amended complaint on a Court-provided form. He names St. Francois County Jail Administrator Dennis Smith and Hardy White as defendants. (Docket No. 9 at 2-3). Smith is sued in his individual capacity while White is sued in his official capacity. He claims to have been burned and sexually assaulted. (Docket No. 9 at 4). He seeks an injunction ordering the St. Francois County Jail to have body cameras on all staff, a distress button in the cells, staff in the pods, and a prohibition on pretrial detainees being placed together with federal inmates. (Docket No. 9 at 5). Plaintiff also requests $500,00,000 in compensatory damages and

4

$500,000,000 in punitive damages against each defendant, jointly and severally. The section of the Court-form for plaintiff to provide his "Statement of Claim" is entirely blank.

**Discussion**

Plaintiff's amended complaint is deficient because he has not provided a Statement of Claim. As plaintiff is proceeding pro se, and has presented serious allegations to the Court, he will be allowed to amend his complaint a second time according to the instructions set forth below.

Plaintiff should type or neatly print his second amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should fill out the form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell*, 909 F.2d at 1208 (stating that § 1983 liability

5

"requires a causal link to, and direct responsibility for, the alleged deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff names more than one defendant, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of a second amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without

legal effect"). If plaintiff fails to file a second amended complaint on a Court-provided form within **thirty days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint **on the Court-provided civil rights form**, in accordance with the instructions set forth above, **within thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 16th day of April, 2019.

                                          */s/ Audrey G. Fleissig*
                                          AUDREY G. FLEISSIG
                                          UNITED STATES DISTRICT JUDGE