UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GASTRO DOMONIQUE DENNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-00821-AGF |
| | ) |
| DENNIS SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. On April 16, 2019, the Court directed plaintiff to file a second amended complaint. (Docket No. 11). Plaintiff has failed to comply with the Court's order. Therefore, for the reasons discussed below, plaintiff will be given seven days in which to show cause why his case should not be dismissed.

### **Background**

At the time relevant to this complaint, plaintiff was a pretrial detainee at the St. Francois County Jail in Farmington, Missouri. (Docket No. 1 at 2). On May 5, 2018, he filed a civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 1). The complaint named St. Francois County Jail Administrator Dennis Smith, Assistant Jail Administrator Hardy White, and Nurse Heather Smith as defendants. (Docket No. 1 at 2). The defendants were named in their individual and official capacities.

Plaintiff's complaint stated that during July, August, and September 2016, while at the St. Francois County Jail, he wrote several grievance forms to Jail Administrator Smith and Assistant Administrator White complaining about being housed with federal inmates. He claimed that being a pretrial detainee around federal inmates posed an "unreasonable risk."

According to plaintiff's complaint, in September 2016, he was physically assaulted by ten to fifteen inmates while in E Pod. He alleged that he was brutally beaten, burned with hot water, and sexually assaulted. When he was finally able to break free from the cell in which he was restrained, he attempted to reach an emergency button located sixty feet away. (Docket No. 1 at 3). Approximately thirty feet from the button, the federal inmates began beating him over the head with a mop ringer. However, another inmate pushed the emergency button, summoning assistance.

Plaintiff stated that a sheriff's deputy responded to the emergency button and led him into the hall, covered in blood, where he collapsed. He was taken to defendant Heather Smith, the booking nurse, and told her that he had been beaten, burned, and sexually assaulted. Nurse Smith told plaintiff that he needed to take a hot shower to wash away the blood, so that she could see his injuries. Plaintiff protested that he had been burned. Nurse Smith, however, advised him that he needed to shower or refuse medical attention. Plaintiff stated that he vomited before entering the shower and then lost consciousness, waking on the floor with staff standing over him. Nurse Smith took him to medical and gave him ibuprofen. Plaintiff alleged that staff placed him "in the hole in booking" and kept him there for days, where the lights never went off and he had only hot water to drink.

Plaintiff told his defense attorney about the physical assault in the St. Francois County Jail. He stated that his attorney filed a motion with the court for the jail to produce video surveillance, logs, and relevant documentation. (Docket No. 1 at 4). An investigator for his attorney also took photos and gathered statements from Jail Administrator Smith and Assistant Administrator White. Plaintiff stated that Judge Wendy Lynn Wexler Horn sustained his attorney's motion to preserve evidence, but denied a motion directing St. Francois County Jail to produce video surveillance, logs, and documentation.

Plaintiff alleged that he received no response from the police report he made or from the grievances that he filed. Furthermore, he asserted that defense attorney Sarah Jackson, Judge Horn, head prosecuting attorney Jerrod Mahurin, and assistant prosecuting attorney Pat King, all turned a "blind eye."

Plaintiff claimed that the physical assault he endured constituted a violation of his right to be free from cruel and unusual punishment, and also constituted deliberate indifference to his medical needs. He sought an injunction ordering St. Francois County Jail to have body cameras on all staff, distress buttons in all cells, staff in the pods for twenty-four hours a day, a better medical provider, and a prohibition on pretrial detainees and federal inmates being placed together. (Docket No. 1 at 6). Plaintiff also requested $500,000,000 in compensatory damages and $500,000,000 in punitive damages against each defendant, jointly and severally.

On January 23, 2019, plaintiff was directed to file an amended complaint. (Docket No. 7). The Court noted that plaintiff had made serious allegations that could potentially survive § 1915 review if properly pled. However, plaintiff's initial complaint was deficient in that it did not demonstrate defendants' liability. Specifically, plaintiff had not shown a "causal link to, and direct responsibility for, the deprivation of rights." *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

The Court explained that with regard to Jail Administrator Smith and Assistant Administrator White, plaintiff appeared to be asserting a failure to protect claim. However, while plaintiff concluded that he was placed in a dangerous situation, he presented no factual allegations that Smith and White failed to take reasonable measures to protect him from violence by other prisoners. *See Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (stating that "prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an

3

inmate's safety"); and *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004) (stating that prison officials must take reasonable measures to guarantee inmate safety and to protect prisoners from violence at the hands of other prisoners). With regard to Nurse Smith, the Court observed that plaintiff alleged an objectively serious medical need by detailing the injuries he received in the assault. However, he had not shown that Nurse Smith disregarded that need or personally failed to provide him any treatment. *See Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (stating that deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication).

Plaintiff was given thirty days in which to file an amended complaint pursuant to the instructions set forth in the Court's order of January 23, 2019. Plaintiff complied with this order by filing an amended complaint on February 22, 2019. (Docket No. 9).

Plaintiff's amended complaint named St. Francois County Jail Administrator Dennis Smith and Hardy White as defendants. (Docket No. 9 at 2-3). Smith was sued in his individual capacity while White was sued in his official capacity. Plaintiff again claimed to have been burned and sexually assaulted. (Docket No. 9 at 4). He sought an injunction ordering the St. Francois County Jail to have body cameras on all staff, a distress button in the cells, staff in the pods, and a prohibition on pretrial detainees being placed together with federal inmates. (Docket No. 9 at 5). Plaintiff also requested $500,00,000 in compensatory damages and $500,000,000 in punitive damages against each defendant, jointly and severally. However, the section of the Court-form for plaintiff to provide his "Statement of Claim" was entirely blank. In other words, plaintiff failed to provide any factual allegations against the named defendants.

On April 16, 2019, the Court ordered plaintiff to file a second amended complaint. (Docket No. 11). He was given thirty days in which to comply.

**Discussion**

As noted above, plaintiff was ordered to file a second amended complaint on a Court-form. The Court's order provided instructions for plaintiff to follow in filing his second amended complaint. He was also sent a copy of the Court's civil rights complaint form. Plaintiff was given thirty days in which to comply. He was further advised that failure to comply would result in the dismissal of his complaint. Nonetheless, plaintiff has failed to file a second amended complaint. Therefore, the Court will give plaintiff **seven (7) days** in which to show cause why this action should not be dismissed for failure to comply with the Court's order. If plaintiff does not respond, the complaint will be dismissed without prejudice and without further notice. *See* Fed. R. Civ. P. 41(b); and *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall show cause in writing and within **seven (7) days** of the date of this order why this action should not be dismissed for failure to comply with the Court's order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

Dated this 29th day of July, 2019.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE